UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
X FAN,

Plaintiffs,

-against-

U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), NEW YORK ASYLUM OFFICE, USCIS, JOSEPH B. EDLOW, Director, USCIS, in his official capacity, MARKWAYNE MULLIN, SECRETARY, U.S. DEPT. OF HOMELAND SECURITY, in his official capacity, MATHEW C. VARGHESE, DIRECTOR NEW YORK ASYLUM OFFICE, USCIS, in his official capacity, and U.S. ATTORNEY'S OFFICE;

Defendants.
-------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
9/25/2026 4:17 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
25-cv-01133 (JMA)

**AZRACK, United States District Judge:**

Plaintiff X Fan filed suit for declaratory, injunctive, and mandamus relief to compel action on his I-589 Application for Asylum and for Withholding of Removal ("I-589"), which has been pending since December 2022. Defendants are the United States Citizenship and Immigration Services ("USCIS"), the New York Asylum Office of USCIS, the U.S. Attorney's Office, and Andrew Davidson, Kristi Noem, and Mathew Varghese, sued in their official capacities as officials of these federal agencies.[1] Plaintiff alleges undue delay in processing his I-589 and seeks relief under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., as well as declaratory relief. Before the Court is Defendants' motion to

[1] Joseph B. Edlow, the current Director of USCIS, and Markwayne Mullin, the current Secretary of Homeland Security, have since been automatically substituted for, respectively, Davidson and Noem pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b). For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

Plaintiff is a Chinese citizen who fled to the United States after facing persecution in China. (ECF No. 1 ¶¶ 16–18.) Pursuant to Section 1185 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, Plaintiff filed his I-589 with the USCIS New York Asylum Office on or about December 5, 2022. (Id. ¶ 19.) As Plaintiff states in his opposition brief, he is lawfully present in the United States, has work authorization, and is not subject to removal while his I-589 remains pending. (ECF No. 19 at 3–4.) However, Plaintiff does not have legal status in the United States and so cannot petition for his family members to enter the United States, nor can he leave the country without advance parole. (Id. at 4.) Plaintiff initiated this lawsuit on February 28, 2025, at which point his I-589 had been pending for almost twenty-seven months. (See ECF No. 1.)

The INA provides that, "in the absence of exceptional circumstances," an asylum applicant "shall" receive an initial interview or hearing on his application "not later than 45 days after the date an application is filed," 8 U.S.C. § 1158(d)(5)(A)(ii), and that "final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed," id. § 1158(d)(5)(A)(iii). However, as Defendants' motion papers make clear, USCIS understands these time frames to be "aspirational," not mandatory. (ECF No. 17, at 4.)

USCIS processes asylum applications on two simultaneous tracks. Since 2018, USCIS has utilized a "last-in, first-out" ("LIFO") system that "prioritizes scheduling interviews on I-589s pending 21 days or less." (Nirahu Decl., ECF No. 18 ¶ 3); see also, e.g., Hossain v. USCIS, No. 24-cv-5039, 2025 WL 218828, at *2 n.1 (E.D.N.Y. Jan. 16, 2025) (describing the LIFO system) (citing USCIS, July 15, 2021 Response to Rep. Connolly's Letter 2,

https://www.uscis.gov/sites/default/files/document/foia/Asylum_Cases_Pending-Representative_Connolly.pdf). In 2024, USCIS added a "first-in, first-out" ("FIFO") system, in which some asylum officers work through the backlog starting with the oldest pending applications. (Nirahu Decl. ¶ 8); see also, e.g., Hossain, 2025 WL 218828, at *2 n.2 (describing the FIFO parallel track) (citing USCIS, Affirmative Asylum Interview Scheduling, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling).

Applicants who face "urgent humanitarian emergencies" may also apply to the USCIS asylum office handling their case for expedited processing. See USCIS, Expedite Requests, https://www.uscis.gov/forms/filing-guidance/expedite-requests (last visited Sept. 25, 2026). In December 2024, Plaintiff applied for expedited processing of his asylum application. (ECF No. 1-2.) In May 2025, USCIS rejected that application because the reasons stated in his application did "not meet the extreme emergent need required to justify expediting adjudication of [his] application ahead of other applicants and outside of USCIS's established priority order." (Nehu Decl., Ex. A.)

## II. DISCUSSION

### A. Standard of Review

Defendants move to dismiss Plaintiff's APA claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss pursuant Rule 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In reviewing a motion to dismiss, the Court must accept the factual

allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

Defendants move to dismiss Plaintiff's mandamus claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). However, following recent decisions in this district, the Court concludes that a motion to dismiss for failure to state a claim under the Mandamus Act is better analyzed under Rule 12(b)(6). See City of New York v. United States Postal Serv., 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021) (concluding that the "better and more modern view" is to analyze motions to dismiss mandamus actions under Rule 12(b)(6) rather than Rule 12(b)(1)); Zheng v. Garland, No. 22-cv-6039, 2024 WL 333090, at *4 (E.D.N.Y. Jan. 29, 2024) (concluding the same in the context of asylum applications) (collecting cases).

**B. APA**

Plaintiff claims that he has a right to relief under the APA, which provides that a reviewing court shall compel agency action that is "unreasonably delayed." 5 U.S.C. § 706(1). He alleges that unreasonable delay is established because his asylum application has been pending for twenty-seven months, which far exceeds the statutory timeframe of 180 days. (ECF No. 1 ¶ 53; see also 8 U.S.C. § 1158(d)(5)(A)(iii).) Defendants argue that Plaintiff fails to state a claim under the APA because twenty-seven months does not constitute unreasonable delay in the adjudication of an asylum application.

"The mere passage of time, alone, is not sufficient to sustain a claim for unreasonable delay." Singh v. USCIS, No. 24-cv-3003, 2025 WL 964145, at *3 (E.D.N.Y. Mar. 31, 2025); see also Shen v. USCIS, No. 25-cv-1621, 2026 WL 670154, at *2 (E.D.N.Y. Mar. 10, 2026) ("Processing time alone does not support an unreasonable delay claim.") Thus, in assessing whether a delay is unreasonable under the APA, courts must consider six factors: (1) whether the time agencies takes to make decisions is governed by a "rule of reason"; (2) whether "Congress

has provided a timetable or other indication of the speed with which it expects the agency to proceed"; (3) whether "human health and welfare are at stake"; (4) "the effect of expediting delayed action on agency activities of a higher or competing priority"; (5) "the nature and extent of the interests prejudiced by delay"; and (6) "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed." Telecomms. Research & Action Ctr. ("TRAC") v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) (cleaned up). In the context of asylum applications, courts have held that, "[e]ven when other TRAC factors favor the plaintiff alleging an improper delay, it is appropriate to deny relief when the fourth factor, 'the effect of expediting delayed action on agency activities of a higher or competing priority,' would be to jump the plaintiff ahead while failing to reduce the I-589 backlog." He v. Garland, No. 23-cv-05386, 2024 WL 3708146, at *3 (E.D.N.Y. Aug. 7, 2024) (quoting Xu v. Cissna, 434 F. Supp. 3d 43, 54 (S.D.N.Y. 2020)).

Although twenty-seven months is certainly a long time to wait, the Court concludes that it is not unreasonable within the scope of the APA. Plaintiff has not alleged that his application is delayed for any improper reason other than USCIS's general backlog and has not alleged any reason that his application should be moved ahead of others in the queue. He has not alleged that his application is among the oldest or the newest applications currently pending in the New York Asylum Office. Although the Court acknowledges that long processing times create real difficulties in the lives of asylum applicants, a delay of twenty-seven months is well within the range that other courts have found does not constitute "unreasonable delay" under the APA. See, e.g., Jan v. Mayorkas, No. 24-cv-1686, 2025 WL 964092, at *5 (E.D.N.Y. Mar. 31, 2025) (concluding that a three-year delay was "well below" the timeframes that other courts had found not unreasonable); Xu v. Nielsen, No. 18-cv-2048, 2018 WL 2451202, at *2 (E.D.N.Y. May 31, 2018) (five years); Xu v. Cissna, 434 F. Supp. 3d at 55 (three years); Hossain, 2025 WL 218828,

at *2 (thirty-four months). Indeed, courts in this Circuit routinely dismiss claims like Plaintiff's, concluding that USCIS's LIFO and FIFO systems constitute a "rule of reason" and that separation from family is a difficulty faced by virtually all asylum applicants and so does not constitute a sufficient reason for one applicant to jump to the front of the line. See Hossain, 2025 WL 218828, at *2 (collecting cases). Plaintiff argues that recent changes in immigration enforcement show that "a new reality is upon us" in which Plaintiff, because he lacks legal status, is vulnerable to "arbitrary detention by [Immigration and Customs Enforcement]." (ECF No. 19 at 7.) The Court is sympathetic to Plaintiff's concern, but Plaintiff has not alleged that he has any more reason to fear detention than other asylum applicants who are similarly waiting for their applications to be adjudicated.

Accordingly, Plaintiff's APA claim is dismissed without prejudice.

**C. Mandamus**

Plaintiff also claims that he has a right to a writ of mandamus based on the 180-day timeframe in Section 1158 of the INA. See 8 U.S.C. § 1158(d)(5)(A)(iii); (see also ECF No. 19 at 5 (arguing that this provision provides "a clear right to asylum seekers like Mr. Fan to completion of adjudication within such time period").) Defendants argue this claim must be dismissed because Section 1158 does not provide a private right of action to plaintiffs seeking to compel adjudication of their applications within the statutory timeframe. (ECF No. 17 at 23).

Mandamus relief under 28 U.S.C. § 1361 is "an extraordinary remedy." Escaler v. USCIS, 582 F.3d 288, 292 (2d Cir. 2009). "To obtain such relief, a plaintiff must show that '(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available.'" Zheng, 2024 WL 333090, at *3 (quoting Benzman v. Whitman, 523 F.3d 119, 133 (2d Cir. 2008)).

Plaintiff's mandamus claim fails because he does not have a "clear right" to an order compelling adjudication of his I-589 application. Indeed, Section 1158 explicitly states: "nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). "'It is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action,' as the Mandamus Act gives courts 'the power to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" Zheng, 2024 WL 333090, at *4 (quoting Pesantez v. Johnson, No. 15-cv-1155, 2015 WL 5475655 at *2 (E.D.N.Y. Sept. 17, 2015)). For this reason, numerous other courts have concluded that § 1158(d)(7) "prohibits the enforcement of I-589 claims that only challenge USCIS' procedures, timelines, and the speed of adjudication." He, 2024 WL 3708146, at *2; see also Singh, 2025 WL 964145, at *3 (collecting cases).

Moreover, Plaintiff cannot demonstrate the absence of alternative remedies. Indeed, Plaintiff has already pursued two of the alternatives available to asylum applicants: an application to USCIS for expedited processing, (ECF No. 1-2), and a claim for APA relief. The fact that Plaintiff's pursuit of these remedies failed on the merits does not undermine the fact that they are available to asylum applicants who qualify for them. Accordingly, Plaintiff has failed to demonstrate that mandamus relief is his only available remedy. See Zheng, 2024 WL 333090, at *5 ("Even if these remedies are not available because of the plaintiff's particular circumstances, 'an alternative adequate remedy would be possible under the APA' or the USCIS's expediting program.") (quoting Sajib v. Renaud, No. 21-cv-7039, 2022 WL 1062319, at *2 (E.D.N.Y. Apr. 8, 2022)); He, 2024 WL 3708146, at *2 ("Here, the relevant issue is not whether the plaintiff obtained relief via alternative processes, but instead whether there is a route for any plaintiff to

obtain relief if she satisfies the requirements.") (citing Xu, 434 F. Supp. 3d at 56); Luo v. USCIS, No. 23-cv-1104, 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023) (denying mandamus relief because "Plaintiff has an adequate alternative remedy under the APA. . . even though . . . Plaintiff's APA claim also fails on the merits"); Singh, 2025 WL 964145, at *3 (similar).

Accordingly, Plaintiff's mandamus claim is dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's APA claim is dismissed WITHOUT PRJEUDICE and his mandamus claim is dismissed WITH PREJUDICE. The Clerk of the Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

Dated: September 25, 2026
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE